Paul OTT, Petitioner–Appellant,

v.

Kelly HARRINGTON, Warden,
Respondent–Appellee.

No. 09–56811.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2012.

Filed Jan. 9, 2013.

Seymour I. Amster, Seymour I. Amster Law Offices, Van Nuys, CA, for Petitioner–Appellant.

Daniel Chi–Sum Chang, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Paul Ott challenges the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is reviewed under the deferential standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996.

The facts are known to the parties. Ott argues that his statement to the police, obtained in violation of *Miranda v. Ari-*

*zona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was involuntary, and therefore inadmissible at trial for impeachment purposes. *Blackburn v. Alabama,* 361 U.S. 199, 206–07, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). Even if Ott's statement were found involuntary, his claim fails because he cannot show the admission of his statement had a substantial and injurious effect on the jury's verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Had the prosecution refrained from using Ott's statement to impeach him, the jury still would have been persuaded by extensive evidence against him, including the testimonies of other female victims; physical evidence pinning him to the murder and oral copulation; the absence of significant dissimilarity between Ott's theory of self-defense in his statement to the police and that which he later offered on the stand; and Ott's own admissions on the stand that he killed the victim. Moreover, Ott's statement was in fact not couched as an admission of guilt but as a justification of his act. The California Court of Appeal did not act unreasonably in denying relief. *See* 28 U.S.C. § 2254(d).

We therefore hold that Ott is not entitled to federal habeas relief. The district court's denial of the petition is **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.